IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>ALBERT CORREIRA,<br><br>            Defendant. | Case No. 3:22-cr-00029-JMK-MMS<br><br>**ORDER** |

Before the Court is Mr. Correira's Motion for Government Provided Air Travel, Lodging, and Expenses for Defendant's Change of Plea and Sentencing at Docket 42.

Section 4285 of Title 5, United States Code, provides that a district court may:

> direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code.

As the statute and our sister courts make clear, the statute authorizes payment for travel to and subsistence expense for travel to the court.[1] Section 4285 of Title 18, United States Code does not provide for subsistence expenses after arrival in the court's location or for return travel expenses.[2] In order to qualify for this financial assistance, a defendant must demonstrate a financial inability to "provide the necessary transportation."[3] This is a heavy burden, beyond the indigency required for an appointment of counsel, and requires a separate inquiry by a district court.[4]

Under seal and though counsel, Mr. Correira provided the Court with an updated financial declaration.[5] Upon review of Mr. Correira's finances and the costs associated with travel to Alaska from Massachusetts, the Court finds that Mr. Correira is financially unable to provide the necessary transportation to appear before the Court for his Proposed Change of Plea and Imposition of Sentence Hearings.

Accordingly, the Court **GRANTS IN PART** and **DENYS IN PART** the Motion for Government Provided Air Travel, Lodging, and Expenses at Docket 43. The Court **GRANTS** Mr. Correira's request for travel expenses to his August 25, 2023, hearings. The United States Marshal shall either (1) arrange for the non-custodial transportation of; or (2) furnish the fare for Mr. Correira's appearance on August 25, 2023.

---

[1] *United States v. Moran*, No. CR02-0423-006-JCC, 2008 WL 11487953, at *2 (W.D. Wash. May 23, 2008).
[2] *United States v. Ng*, No. CR20-0171-JCC-5, 2022 WL 1478541, at *1 (W.D. Wash. May 10, 2022).
[3] 18 U.S.C. § 4285.
[4] *United States v. Moreno*, No. 6:22-PO-00487-HBK, 2023 WL 2435999, at *1 (E.D. Cal. Feb. 2, 2023).
[5] Docket 47-1.

Additionally, the United States Marshal shall furnish Mr. Correira with monies for subsistence expenses to Anchorage, Alaska, not to exceed the per diem allowance for travel under section 5702(a) of Title 5, United States code. Mr. Correira's request for return travel is **DENIED**. [6]

The Clerk of Court shall provide the United States Marshal Service a copy of this Order.

IT IS SO ORDERED this 8th day of August, 2023, at Anchorage, Alaska.

                                             */s/ Joshua M. Kindred*
                                             JOSHUA M. KINDRED
                                             United States District Judge

---

[6] While the Court cannot direct the United States Marshal Service to provide return transportation, additional options may be available through the CJA program.